# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES O. PAIGE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-cv-143 |
| | ) | |
| CITY OF FORT WAYNE et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court are two motions filed by *pro se* Plaintiff James O. Paige, Sr., one asking that this Court request an attorney to represent him (Docket # 7), and the other requesting leave to amend his *pro se* complaint (Docket # 8). He has also filed a Questionnaire for Appointment of Counsel. (Docket # 10.) The Court held a Rule 16 Preliminary Pretrial Conference on August 3, 2009, at which it heard argument on the motions and took the matters under advisement. (*See* Docket # 14.)

Because Paige's case is not a difficult one and he is competent to litigate it, the motion for appointment for counsel (Docket # 7) will be DENIED. Paige's motion to amend his complaint (Docket # 8), however, will be GRANTED.

### I. MOTION FOR APPOINTMENT OF COUNSEL

*A. Legal Standard*.

No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an

attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.

This decision by the district court comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself."[1] *Pruitt*, 503 F.3d at 655; *see also Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008). The question is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*, 503 F.3d at 655. Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id*. (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id*. Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id*.

---

[1] Here, Paige has made a reasonable attempt to obtain counsel on his own, as he has apparently contacted at least seven different attorneys or legal services offices; none, however, have taken his case. (*See* Docket # 7.) Of course, this is an indication that Paige's case may indeed have little merit and that appointing counsel will not make a difference in the ultimate outcome. *See County of McLean*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

*B. Analysis*

Applying the foregoing two-fold inquiry to the instant cases, it is evident that Paige is competent to represent himself. To explain, the suit is a relatively straightforward § 1983 action for false arrest. In his case against the Fort Wayne Police Department and several of its officers, Paige claims that the officers failed to conduct an adequate investigation and consequently arrested him without probable cause. (Docket # 1.) Therefore, the first factor – the difficulty of his claims – cuts against Paige's request for counsel. *See generally Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Second, Paige has already adequately articulated his claims in this case, sought relief through two motions, and competently replied to the Defendants' response to one of his motions. (*See, e.g.*, Docket # 1, 7, 8, 12.) And, Paige is an experienced *pro se* litigator, as he has represented himself before this Court in other civil rights cases. *See, e.g., Paige v. Hudson, et al.*, 234 F. Supp. 2d 893 (N.D. Ind. 2002); *Paige v. Mitchell*, No. 1:03-CV-388-TS, 2006 WL 1544395 (N.D. Ind. June 1, 2006). In fact, he even prosecuted the appeal of one of his cases to the Seventh Circuit Court of Appeals on a *pro se* basis. *See Paige v. Hudson*, 341 F.3d 642 (7th Cir. 2003).

Furthermore, the Court has observed through Paige's various court appearances that he has reasonably good communication skills, at least at a sufficient level to proceed *pro se*. He is also not presently incarcerated and thus has the freedom to perform his own legal research. Moreover, the facts of these cases are within his particular knowledge; therefore, the task of discovery is apt to be quite limited and certainly not insurmountable. As a result, the second

factor of the two-fold inquiry – the plaintiff's competence to litigate the claims himself – also fails to support his request for counsel.

Considering the foregoing, Paige appears quite competent to adequately handle the litigation of this relatively simple § 1983 case. Consequently, his motion asking that the Court recruit counsel for him will be denied.

## II. MOTION TO AMEND COMPLAINT

### *A. Legal Standard*

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. *Id.* However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

### *B. Analysis*

Paige filed his motion to amend complaint on June 15, 2009, stating that he had not yet received Defendants' answer to his complaint. (Docket # 8.) From what the Court gathers from the August 3, 2009, hearing and from reading Paige's proposed amended complaint, Paige seeks to add a claim that the city or officers misused a prior conviction as a basis for arresting him as a serious violent felon.

The Defendants object, arguing that they in fact served their answer and jury demand on Paige on June 5, 2009, which means that Paige cannot amend his complaint as a matter of

course, and rather must seek Defendants' consent or leave of Court. (Defs.' Resp. 2; Defs.' Sur-Resp. 1-4.) In fact, Defendants do not consent and rather contend that Paige has not shown that amending his complaint is necessary. (Defs.' Sur-Resp. 4.)

The Court will grant Paige leave to amend his complaint. The Court discerns no undue delay, bad faith, dilatory motive on Paige's behalf, or significant prejudice to the Defendants, since Paige filed his motion to amend only ten days after the Defendants' filed their answer. Admittedly, the merits of Paige's new claim seem a bit difficult to understand, but the Defendants not argue that it would be futile to pursue them, nor do they argue that the amended complaint fails under *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Considering that leave to amend should be freely given, Fed. R. Civ. P. 15(a), particularly in *pro se* cases, *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996), Paige's motion to amend will be granted.

## III. CONCLUSION

For the reasons stated herein, Plaintiff's motion requesting the appointment of counsel (Docket # 7) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on his own. Plaintiff's motion to amend his complaint (Docket # 8), however, is GRANTED. The Defendants are to file an amended answer on or before August 24, 2009.

Enter for this 3rd day of August, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge