# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES O. PAIGE, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-cv-00143 |
| | ) | |
| CITY OF FORT WAYNE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On August 12, 2009, *pro se* Plaintiff James O. Paige, Sr. filed a Motion for Leave to File Second Amended Complaint (Docket # 20), seeking to add the State of Indiana "and/or [its] officials representative's [sic]" (presumably, the Allen County Prosecutor) as defendants. (Mot. for Leave to File Second Am. Compl. ¶ 3.) For the following reasons, Paige's Motion will be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Paige filed his initial complaint against the City of Fort Wayne and several Fort Wayne police officers on May 13, 2009, in the Allen County Superior Court, seeking relief under 42 U.S.C. § 1983. Paige initially claimed that his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments and the Indiana Constitution were violated when various officers from the Fort Wayne Police Department ("FWPD") arrested him in August, 2007, for a misdemeanor without probable cause and later signed a perjured probable cause affidavit to support a felony charge. (Compl. ¶¶ 2-7.) On May 29, 2009, Defendants filed a Notice of Removal (Docket #2), and the case was removed to this Court.

On June 15, 2009, Paige filed a timely Motion for Leave to File First Amended

Complaint (Docket #8), which was subsequently granted, adding allegations that the City or FWPD officers misused a prior conviction dating from 1998 as a basis for arresting him on the enhanced charge that he is a serious violent felon. On August 12, 2009, Paige filed the current Motion for Leave to File Second Amended Complaint (Docket #20) seeking to add the State of Indiana "and/or [its] officials representative's [sic]" (presumably, the Allen County Prosecutor) as defendants. (Mot. for Leave to File Second Am. Compl. ¶ 3.)

The Motion was discussed with Paige in some detail at a hearing held on August 26, 2009, and taken under advisement. Following the standard set out in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972), the Court views the proposed amended *pro se* complaint liberally. In essence, Paige contends that the prosecutor knowingly obtained an invalid conviction against him in 1998 and thus knew that it was invalid, but nevertheless used it as a basis for enhancing the August, 2007 charges.[1]

## II. STANDARD ON MOTION TO AMEND PLEADINGS

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. *Id.* However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[1] Although, Paige sought post-conviction relief for the 1998 conviction, it was never set aside. Paige did ultimately receive, however, a sentence modification.

### III. DISCUSSION

In the present case, Paige wishes to amend his complaint to add both the State of Indiana and the Allen County Prosecutor as defendants. Amending the complaint would, however, be futile, *Foman*, 371 U.S. 182, because the State of Indiana and the prosecuting attorney in her official capacity are entitled to immunity under the Eleventh Amendment, and to the extent the the prosecutor is being sued in her individual capacity, she is absolutely immune.

To begin with, Paige may not sue the State of Indiana § 1983. To maintain such a cause of action, the plaintiff must allege that a person acting under color of state law has deprived him of a constitutional right. *Jones v. Indiana*, No. 1:08-cv-292, 2009 WL 2168941, at *2 (N.D. Ind. July 16, 2009) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). "The definition of a 'person' for purposes of § 1983 does not include states or their agencies." *Id*. (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989)). As such, § 1983 does not abrogate a state's general immunity from suit under the Eleventh Amendment.[2] *See Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletic Dept.*, 510 F.3d 681, 695 (7th Cir. 2007). Furthermore, for purposes of § 1983, the State of Indiana has not expressly waived its Eleventh Amendment immunity. *Meadows v. State of Ind.*, 854 F.2d 1068, (7th Cir. 1988). Consequently, Paige is barred by the Eleventh Amendment from bringing suit against the State of Indiana.

Page is similarly prohibited from suing the Allen County Prosecutor, either in her official capacity or individually. "[F]ederal suits against state officials in their official capacities are barred by the Eleventh Amendment." *CH v. Dvorak*, No. 3:08-cv-0379, 2009 WL 500532, at *3

---

[2]The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. U.S. CONST. amend XI.

(N.D. Ind. Feb. 27, 2009) (citing *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000). In a suit against the prosecutor in her official capacity, the prosecutor is considered to be a state official. "The office of prosecutor is created in the Indiana Constitution by Article VII, Section 16, and it is well established that such a prosecutor is a state . . . official." *CH,* 2009 WL 500532, at *3 (citing *Mendenhall v. City of Indianapolis*, 717 N.E.2d 1218, 1225-26 (Ind. App. 1999)). *See Marvel v. Cooley*, No. 3:08-cv-133, 2008 WL 5156635, at *5 (N.D. Ind. Dec. 8, 2008); *Range v. Brubaker*, No. 3:07-cv-480, 2008 WL 1818494, at *2-3 (N.D. Ind. Apr. 21, 2008); *Highdon v. Myers*, No. 1:04-cv-104, 2005 WL 1459511, at *2 (N.D. Ind. June 20, 2005). Consequently, Page is barred by the Eleventh Amendment from suing the Allen County Prosecutor in her official capacity.

Finally, Paige may not sue the Allen County Prosecutor in her individual capacity. The Supreme Court has held that prosecutors are entitled to absolute personal immunity in § 1983 lawsuits. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976) (noting that the blanket grant of immunity specifically includes "the decision to initiate a prosecution"). In addition to the grant of absolute immunity found in *Imbler* and its progeny, and although it is unclear whether Paige is bringing a state tort claim, the Allen County Prosecutor also enjoys immunity under the Indiana Tort Claims Act, which provides that "[a] governmental entity or employee acting within the scope of the employee's employment is not liable if a loss results from . . . (5) the initiation of a judicial or an administrative proceeding." Ind. Code § 34-13-3-3. *See also Noble County v. Rogers*, 745 N.E.2d 194 (Ind. 2001); *Foster v. Pearcy*, 270 Ind. 533, 387 N.E.2d 446 (Ind. 1979). Paige is therefore also prevented from suing the Allen County Prosecutor in her individual capacity.

In summation, any claim against the State of Indiana or the Allen County Prosecutor, in either her official or individual capacity, would be futile, and therefore Paige should not be granted leave to add either as a defendant.

## IV. CONCLUSION

For the foregoing reasons, Paige's Motion for Leave to File Second Amended Complaint is DENIED.

SO ORDERED.

Enter for September 1, 2009

S/Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge