UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JAMES O. PAIGE, SR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 1:09-cv-143 |
| CITY OF FORT WAYNE, et al., | ) | |
| Defendants. | ) | |

**OPINION and ORDER**

On December 14, 2009, *pro se* Plaintiff James Paige filed an Amended Complaint with the Court (Docket #29), seeking to add the State of Indiana as a defendant and apparently asking this Court to correct or overturn a ten year-old criminal conviction in the Allen County, Indiana, Superior Court. Plaintiff also filed a separate Motion to Correct Erroneous Sentence (Docket #28), also asking this Court to correct or overturn the same conviction. On December 17, 2009, Plaintiff filed a Third Affidavit in Support of Petition for Post-Conviction Relief (Docket #30) and a second Response to Defendants' Answer (Docket #31.) On December 22, 2009, the Defendants countered with a Motion to Strike the Amended Complaint. (Docket #32.)

On September 1, 2009, this Court issued an Opinion and Order and expressly denied Plaintiff leave to amend his complaint and add the State of Indiana as a defendant, holding that the State of Indiana was immune from suit under the Eleventh Amendment. (Docket #24.) Plaintiff's Amended Complaint is in direct violation of this Court's Opinion and Order and the Clerk is therefore ordered to strike Plaintiff's Amended Complaint (Docket #29) from the docket.

The Plaintiff has also filed a Motion to Correct Erroneous Sentence (Docket #28), a supporting affidavit (Docket # 30), and a second Response to Defendant's Answer. (Docket #31.) Although entitled a "Motion to Correct Erroneous Sentence" and ostensibly relying on Indiana Code § 35-38-1-15, Plaintiff's motion appears to actually be a plea to overturn his past conviction because he believes it was in violation of his Fifth, Sixth, and Fourteenth Amendment rights.

However, this Court is not the proper forum in which the Plaintiff may seek relief. Indiana Post-Conviction Rule 1 provides that "[a]ny person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . that the conviction or the sentence was in violation of the Constitution of the United States or the constitution or laws of this state [or] is otherwise erroneous" may file a verified petition with the court where the conviction took place; in this case, the Allen County, Indiana, Superior Court. Plaintiff is required to exhaust this state remedy before bringing an action in this Court. *See Rose v. Lundy*, 455 U.S. 509 (1982); *Duckworth v. Serrano*, 454 U.S. 1 (1981); *Varnell v. Young*, 839 F.2d 1245 (7th Cir.1988); *Graham v. Richards*, 790 F.Supp. 188, 189-90 (N.D. Ind. 1990). Plaintiff's Motion to Correct Erroneous Sentence (Docket #28) is therefore dismissed without prejudice because he has not exhausted his remedies in state court.

Accordingly, the Clerk is also directed to strike Plaintiff's Third Affidavit in Support of Petition for Post-Conviction Relief. (Docket #30.) Finally, because the only difference between the Plaintiff's second Response to Defendants' Answer (Docket #31) and Plaintiff's first Response to Defendants' Answer (Docket #25) is that the second Response repeats Plaintiff's request to overturn his state conviction, the Clerk is also directed to strike Plaintiff's second

Response to Defendants' Answer. (Docket #31.)

To summarize, the Defendants' Motion to Strike (Docket #32) is GRANTED and the Clerk is directed to STRIKE Plaintiff's Amended Complaint (Docket #29.) The Clerk is also directed to STRIKE Plaintiff's Third Affidavit in Support of Petition for Post-Conviction Relief (Docket #30) and Response to Defendant's Answer (Docket #31.) Finally, Plaintiff's Motion to Correct Erroneous Sentence (Docket #28) is DISMISSED because he has not exhausted his available state court remedies.

SO ORDERED.

Enter for December 22, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge