# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **JAMES O. PAIGE, SR.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CAUSE NO. 1:09-cv-143** |
| ) | |
| **CITY OF FORT WAYNE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION and ORDER

On December 28, 2009, *pro se* Plaintiff James O. Paige filed a Response (Docket #35) to the Defendant's Motion to Strike the Amended Complaint (Docket #32), which the Court previously granted in its December 22, 2009, Opinion and Order. (Docket #34.) Liberally construed, the Court views the Plaintiff's Response as a Motion for Reconsideration. In sum, the Plaintiff's motion suggests that he believes that the Defendants have no standing to seek to strike his filings because they do not represent the State of Indiana (the entity he wishes to sue) and that his filings were otherwise timely filed.

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare"). A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the . . . motion." *Caisse Nationale*, 90 F.3d at 1269-70. "Reconsideration is not an appropriate forum for rehashing

previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id*.

On September 1, 2009, this Court denied the Plaintiff leave to amend his complaint to add the State of Indiana as a defendant, based primarily on the Eleventh Amendment. It was that Opinion and Order that formed the basis for the striking of Plaintiff's later-filed Amended Complaint on December 22, 2009, which once again sought to add the State of Indiana as a defendant. In his new motion, the Plaintiff does nothing to challenge the soundness of that ruling. Furthermore, and although the Defendants brought the matter to the Court's attention by way of a motion to strike, the Court would have stricken the Plaintiff's filings on its own motion anyway, since it attempts to advance a legally insufficient claim.

Finally, while the Court did not base its December 22, 2009, ruling on the untimeliness of the Plaintiff's filing, the deadline for amending the pleadings, as set forth in the August 26, 2009, Report of the Parties' Planning Meeting, was October 23, 2009. Accordingly, any attempts to amend in the future are subject to dismissal on that basis as well.

Upon reconsideration, the Court REAFFIRMS its December 22, 2009, Opinion and Order striking the Plaintiff's Amended Complaint. The Clerk is directed to forward a copy of the Docket Sheet and this Opinion and Order to the Plaintiff at his last known address: 1426 Lillie Street, Fort Wayne, IN 46803

SO ORDERED.

Enter for January 6, 2010.

                                           S/Roger B. Cosbey
                                           Roger B. Cosbey,
                                           United States Magistrate Judge