UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES O. PAIGE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-cv-143 |
| | ) | |
| CITY OF FORT WAYNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a variety of motions filed by the *pro se* Plaintiff. By way of background, on May 13, 2009, the Plaintiff filed suit in the Allen Superior Court under 42 U.S.C. § 1983, alleging that his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments and the Indiana Constitution were violated when officers from the Fort Wayne Police Department ("FWPD") arrested him based on a perjured probable cause affidavit. (Compl. ¶¶ 2-7.) On May 29, 2009, the case was removed to this Court, (Docket # 2) and ultimately March 31, 2010, was set as the deadline for the completion of all discovery. (Docket # 23.) In all, seven months were allocated to the discovery process. On March 17, 2010, the Plaintiff filed a motion for summary judgment and the Defendants countered with their own motion for summary judgment on April 30, 2010.

Now before the Court is the Plaintiff's motion for discovery. (Docket # 56.) The Plaintiff has also filed a motion for a hearing on his pending motion for summary judgment and for an extension of time to reply to the Defendants' motion for summary judgment. (Docket # 63.) Finally, the Plaintiff has filed a second motion for a hearing on his pending motion for summary judgment. (Docket # 64.) With the three motions now ripe, the Court will address each argument

in turn.

A. *The Plaintiff's Motion for Discovery*.

The Plaintiff filed a motion for discovery on May 11, 2010, seeking copies of transcripts from the state court criminal proceedings that resulted from his arrest. The Defendants oppose the motion, arguing that the Plaintiff's motion comes six weeks after the March 31, 2010, discovery deadline and that he has not shown good cause to reopen discovery.

Continuances or extensions of time with respect to discovery deadlines may be granted by a request made before the expiration of the deadline and only with a convincing showing of good cause. *Leadbetter v. City of Fort Wayne*, No. 1:06-cv-285, 2007 WL 2782277, *2 (N.D. Ind. 2007) (quoting *Smith v. Howe Military Sch.*, No. 3: 96-CV-790RM, 1997 WL 662506, *1 (N.D. Ind. 1997)). In this case, after seven months of discovery, and well after the discovery deadline, the Plaintiff made his request with no attempt made to show good cause.

Furthermore, the Plaintiff has not shown excusable neglect. Federal Rules of Civil Procedure 6(b)(1)(B) provides that an expired deadline can be extended in the case of "excusable neglect." Excusable neglect is "a somewhat elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 394). The relevant factors in this equitable determination include "the danger of prejudice to the defendant, the length of the delay and its potential impact on the judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted [with] good faith." *Id*. at 359

2

(quoting *Pioneer*, 507 U.S. at 395). In this case, the Plaintiff has made no effort to show that his delay in seeking the extension was due to excusable neglect. Accordingly, the Plaintiff's motion for discovery (Docket # 56) is DENIED.[1]

B. *The Plaintiff's Two Requests for a Hearing on His Motion for Summary Judgment and His Request for an Extension of Time*.

The Plaintiff has also filed two motions requesting a hearing on his motion for summary judgment and also seeks an extension of time to respond to the Defendants' motion for summary judgment. (Docket # 63, 64.) The Defendants object to the requests for a hearing, arguing that they do not comply with Local Rule 7.5 because they were not filed as part of a brief, fail to state the purpose of the hearing, and do not provide an estimate of the time required.

Without addressing these precise arguments, the Plaintiff's requests for a hearing should be DENIED. Under Local Rule 7.5, "[t]he granting of a motion for oral argument shall be wholly discretionary with the court." In this case, oral argument is not necessary to resolve either the Plaintiff's or the Defendants' motions for summary judgment. This lawsuit appears to present a relatively straight-forward civil rights claim under § 1983 and does not raise the complicated legal issues that generally require oral argument. *See Bane v. Chappell*, No. 1:08-cv-310, 2010 WL 989898, at *1 (S.D. Ind. Mar. 16, 2010). As such, the Plaintiff's requests for a hearing are DENIED. If the Court later determines that a hearing is necessary, the Court will schedule one on its own motion.

The Court will, however, GRANT the Plaintiff's request for additional time to respond to

---

[1] To the extent the Plaintiff's motion can be viewed as one under Federal Rule of Civil Procedure 56(f), it still fails as there has been no showing how this material would affect the current motions or why this discovery could not have been obtained earlier. *See Gee v. Metaldyne Corp.*, No. 1:08-cv-97, 2008 WL 4936865, at *9-10 (S.D. Ind. Nov. 14, 2008).

3

the Defendants' motion for summary judgment. The Defendants assert that granting the Plaintiff's request will delay the orderly and timely progression of this case. The Court disagrees. Rather, once the Plaintiff has comprehensively responded to the Defendants' motion (and the Defendants have filed their reply), the Court will be able to promptly rule on all dispositive motions. Accordingly, the Plaintiff is granted to and including July 20, 2010, to file a response to the Defendants' motion for summary judgment. (Docket # 43.) The Defendants are to reply on or before August 6, 2010.

C. *Conclusion*.

To summarize, the Plaintiff's motion for discovery (Docket # 56) is DENIED. The Plaintiff's first motion for a hearing and for an extension of time (Docket # 63) is GRANTED IN PART and DENIED IN PART, in that the Plaintiff's request for a hearing is denied, but he will be given to and including July 20, 2010, to file a comprehensive response to the Defendants' motion for summary judgment. The Defendants are to reply on or before August 6, 2010. Similarly, the Plaintiff's second motion for a hearing (Docket # 64) is DENIED.

The Clerk is DIRECTED to send a copy of this Opinion and Order to the Plaintiff at his last known address: 1426 Lillie Street, Fort Wayne, Indiana, 46803.

SO ORDERED.

Enter for July 2, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge